UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MICHEL ROJAS,

                                    Plaintiff,

            -against-

THE UNITED STATES OF AMERICA, FBI AGENT
WAYNE BROWN, Shield #22650, FBI AGENT PETER
ATHANASIOU

                                Defendants.

-------------------------------------------------------------------- x

CV 12 - 5537

**COMPLAINT AND JURY DEMAND**

ECF CASE

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by the Federal Tort Claims Act, as well as the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from an incident which took place on June 1, 2011, in which FBI Agents Wayne Brown ("Agent Brown") and Peter Athanasiou (Agent Athanasiou), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest, malicious prosecution, excessive and unreasonable force, and assaulted and battered him.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

**JURISDICTION**

4. This action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and Bivens v. Six Unknown Named Agents of the Federal Bureau of

Narcotics, 403 U.S. 388 (1971) and its progeny., and the Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff Michel Rojas at all times here relevant resided in Kings County, City and State of New York.

8. Agents Brown and Athanasiou are agents of the Federal Bureau of Investigation, and were acting as such at the time of the incidents here alleged. They are sued in their individual capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York, and of the United States of America.

## DISPOSITION BY FEDERAL AGENCY

10. On July 12, 2011, plaintiff caused a Standard Form 95 to be served on the United States Department of Justice, raising the issues alleged here. By letter dated August 30, 2011, the FBI Internal Processing Unit, Internal Investigations Section determined that no further action was warranted, and wrote that "we consider this matter closed".

## FACTUAL ALLEGATIONS

11. On approximately May 31, 2011, plaintiff received a phone message at his home asking to speak with Juan Rojas, which is plaintiff's father's name. The caller left a phone

number, and claimed to be from the FBI. Plaintiff called back, and the person he spoke with claimed he was from the FBI and he wanted to talk to Juan Rojas about a car accident that had occurred about a year ago. Plaintiff asked the caller to call back in ten minutes, as plaintiff's father was busy. The caller agreed to do so.

12. After he hung up, plaintiff became suspicious of the call, so he called the FBI in Manhattan to inquire whether it made any sense that an FBI agent would be calling his home and inquiring about a car accident. From that conversation, plaintiff concluded that the call must be a scam.

13. The caller called back, from a different number, and plaintiff's suspicions were heightened. He told the caller to stop calling, and accused the caller of trying to commit a fraud. The caller persisted in trying to call that night, so much that plaintiff disconnected the phone.

14. The following morning, Agents Brown and Athanasiou knocked on plaintiff's door and identified themselves as FBI agents. Plaintiff remained skeptical, and without displaying hostility, picked up the phone and called 911 to request police to verify the identity of the professed FBI agents. When plaintiff was in the middle of his conversation with the 911 operator, the agents' attitudes "completely changed"; they entered his apartment without consent, punched him in the face, knocked him to the ground, and handcuffed and arrested him, disconnecting the 911 call in the process.

15. The 911 operator called the number back, and one of the agents answered, telling the operator they had everything under control, and even expressing hostility towards the operator for inquiring further.

16. On information and belief it turned out that Agents Brown and Athanasiou were in fact FBI agents, and were investigating a car accident to which plaintiff's father was allegedly

a witness.

17.    When New York City Police Department officers arrived, Agents Brown and Athanasiou lied to them and falsely claimed that plaintiff had attacked them. Plaintiff was taken into NYPD custody, and charged with, among other charges, assault in the Second Degree, a felony. The charges and the continued prosecution were based solely on the accusations and statements of Agents Brown and Athanasiou.

18.    After about nine court appearances, the charges against plaintiff were dismissed on statutory speedy trial grounds.

19.    During all of the events above described, Agents Brown and Athanasiou acted maliciously and with intent to injure plaintiff.

20.    As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a.    Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person and property;

   b.    Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   c..   Physical pain and suffering.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

21.    The preceding paragraphs are here incorporated by reference.

22.    Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff pursuant to Bivens v. Six Unknown Named Agents

of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) and its progeny.

23. Defendants' conduct deprived plaintiff of his right to be free of unreasonable searches and seizures by using falsely arresting him, using excessive force against him, and maliciously prosecuting him, in violation of the Fourth Amendment to the United States Constitution.

24. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(FEDERAL TORT CLAIMS ACT)

25. The preceding paragraphs are here incorporated by reference.

26. The United States of America is liable for the acts and omissions of its agents, Agent Brown and Athanasiou, pursuant to 28 USC § 2674, for actions they undertook while acting within the scope of their office or employment.

27. Specifically, Agents Brown and Athanasiou assaulted, battered, falsely arrested, and maliciously prosecuted plaintiff, in that they:

    a. upon approaching plaintiff, made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching;

    b. engaged in and subjected plaintiff to immediate harmful and/or offensive touching;

    c. intended to confine plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and the confinement was not otherwise privileged;

    d. acting with malice, initiated a prosecution against plaintiff, caused him to be prosecuted, and the case was disposed favorably to plaintiff.

28. Plaintiff was damaged as a result of the wrongful acts of the Agent Brown and John Doe.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         November 6, 2012

TO:  US Attorney's Office

Yours, etc.,

Stoll, Glickman & Bellina, LLP
By Andrew B. Stoll (AS8808)
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710
astoll@stollglickman.com

6